MURRAY SILBERMAN, PLAINTIFF-APPELLANT, v. STAN-LEY COMPANY OF AMERICA, A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT-RESPONDENT.

Submitted January 15, 1946—Decided March 13, 1946.

Before Justices PARKER, BODINE and OLIPHANT.

For the appellant, *Schwartz & Schwartz* (*Sol Schwartz* and *Louis Schwartz*).

For the respondent, *Cox & Walburg* (*William H. D. Cox*).

The opinion of the court was delivered by

BODINE, J.  The appeal in, this case brings up the propriety of a judgment of nonsuit.

The plaintiff prior to September 9th, 1944, had on several occasions, visited the moving picture theatre operated by the defendant in the City of Paterson where he suffered the injuries for which he brought his suit for damages.

On the day in question, he purchased three tickets and entered the theatre with his wife and child.  He walked down the right-hand aisle but could find no place where there were three adjoining seats vacant.  When he reached the front of the theatre, having found no seats, instead of using the aisle which led across the front to the other side of the theatre he went beyond the rail and started to walk across the orchestra pit.  He fell into some steps where the musicians come through to take their places in the orchestra and suffered the injuries of which he complains.

On his examination, the plaintiff testified as follows:

"*Q*. And you did not see this aisle that runs across in front of the orchestra railing there, did you? *A*. I saw that aisle, yes. *Q*. You did? *A*. Yes. *Q*. Was the rail in front of that aisle? *A*. Yes. *Q*. How far was that railing from the seat? About how wide was it? *A*. About two feet. *Q*. Three feet? *A*. No, two feet. *Q*. There was plenty of room for one person to walk across there—what kind of a railing is it? *A*. It is a railing about this high (indicating). *Q*. And made out of what? *A*. Wood. *Q*. It separates the orchestra pit from the orchestra floor, that railing? *A*. That's right. *Q*. Did you attempt to go through that aisle? *A*. No, sir. *Q*. You didn't attempt to go through that aisle? *A*. No. *Q*. But instead of that, you walked right into the orchestra areaway? *A*. Yes, sir. I walked in there because I thought that was the way to go across. *Q*. And as you walked in there, you could see about how many feet in front of you? *A*. I don't know how many feet I could see in front of me. It was pretty dark there. *Q*. Wasn't there any light from the projection of that screen in that areaway? *A*. No, there was no lighting there at all in that areaway. *Q*. The lighting was being played on the screen, the picture was it? *A*. Yes, the picture was on the screen, that light, but not on the floor."

Further, the plaintiff testified that he could see while coming down the aisle maybe fifteen feet in front of him, and he saw children coming out of the area where he started to cross the theatre and also an adult person. There is corroboration by his wife.

A nonsuit, in this case, can be rested upon three grounds: (1) that the proofs do not show the defendant negligent; (2) that the plaintiff assumed the risk of getting into an unlighted area; (3) that when going into the orchestra pit he was getting into a part of the theatre beyond the invitation. See *Falk* v. *Stanley Fabian Corp.*, 115 *N. J. L.* 141.

There is no evidence that the theatre construction was different from that in general use.

Of course, if the plaintiff did not know of the dangers lurking in the orchestra pit he cannot be said to have assumed the risk of the entry therein; but when he chose not to cross

by the aisle provided by the operator of the theatre for passage but elected to go by a way not intended, even though the owner had acquiesced in that use of his property by others, no invitation can be inferred: *Saunders* v. *Smith Realty Co.*, 84 *N. J. L.* 276.

And further, if we are to believe the plaintiff's testimony that he could not see his way, it was his fault and not the defendant's that he proceeded in the dark. Theatres cannot be brightly lighted when a picture is displayed as in this case. Merely because he had observed others coming from the general direction he took did not establish its safety since they may not have penetrated as far as he did before retracing their steps.

The judgment will be affirmed, with costs.